IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| GEORGE ANTHONY PICKRELL,        ) | |
|         Petitioner,        ) | |
|         )  | |
| v.        ) | |
|         )  | Civil No. 7:07-CV-103-O |
| NATHANIEL QUARTERMAN, Director,        ) | |
| Texas Department of Criminal Justice,        ) | |
| Correctional Institutions Division,        ) | |
|         Respondent.        ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Eastham Unit of the Texas Department of Criminal Justice in Lovelady, Texas. Respondent has filed an answer to the petition in which he moves for dismissal based upon the statute of limitations. Petitioner has not filed a response. Upon review of the papers and pleadings filed in this action, the Court finds and orders as follows:

Petitioner entered a plea of not guilty to the charge of burglary of a habitation with intent to commit aggravated assault and waived his right to a trial by jury. *Petition ¶¶ 1-6; State v. Pickrell*, No. F-96-578-4/1 (241st Judicial District Court of Smith County, Texas). He was tried in the 241st Judicial District Court of Smith County, Texas and found guilty. *Id.* By judgment signed January 9, 1997, his sentence was assessed at forty years in prison. *Petition ¶ 3; Ex Parte Pickrell, Art. 11.07 App. No. WR-66,681-01 pp. 21-23.* Pickrell appealed his conviction and, on May 28, 1998, his conviction was affirmed. *Pickrell v. State*, No. 12-97-00008-CR (Tex. App. – Tyler 1998). The record does not reflect that Pickrell filed a petition for discretionary review. He has filed one state

application for habeas relief which was denied without written order on February 7, 2007. *Ex Parte Pickrell, Art. 11.07 App. No. WR-66,681-01 at Cover.*

Petitioner now seeks federal habeas relief on the ground that the Texas Department of Criminal Justice unlawfully took away his eligibility for mandatory supervised release. *Petition ¶¶ 20.A-B; Petitioner's Memorandum in Support pp. 4-5.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because the ground for relief raised by Pickrell relates to his eligibility for release on mandatory supervision rather than his conviction, the date on which he could have discovered the

factual predicate of his claim through due diligence is the date his limitation period accrued for purposes of this proceeding. 28 U.S.C. § 2244(d)(1)(D). Pickrell states that the Texas Department of Criminal Justice ("TDCJ") considered him eligible for mandatory supervised release until December 12, 2005, when he received notice from the TDCJ that he was no longer eligible for mandatory supervision. *Petitioner's Memorandum in Support. p. 5.* Thus, the one-year statute of limitations began running on December 12, 2005, the date on which Pickrell could have discovered the factual predicate of his claim through the exercise of due diligence. Pickrell filed his state application for writ of habeas corpus on November 3, 2006 with thirty nine days remaining on the limitation period. *Ex Parte Pickrell, Art. 11.07 App. No. WR-66,681-01 at p. 1.* The state application was denied on February 7, 2007. The statute of limitations expired 39 days later, on March 18, 2007. The instant petition was filed on July 2, 2007, over three months after the statutory deadline.[1]

Petitioner has failed to argue that he is entitled to statutory tolling of the limitation period under § 2244(d)(1)(B) or (C). He does not claimed to have been prevented from filing his habeas petition by state action in violation of the Constitution or laws of the United States and he has not shown that any new constitutional right affecting his case has been recognized by the Supreme Court and made retroactive on collateral review. Therefore, he is not entitled to statutory tolling of the one-year limitation period.

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). Pickrell signed his petition on July 2, 2007. Therefore, the Court will presume that is his filing date for purposes of this opinion.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Petitioner makes no argument and has set forth no facts or circumstances which could demonstrate entitlement to equitable tolling.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is hereby DISMISSED as TIME-BARRED.

The Clerk of Court shall transmit copies of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 31st day of July, 2009.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**